UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94-cr-30-FDW-4

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CHALMERS LAVETTE HENDRICKS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Order Adjusting Sentence to Reflect Time Served on State Sentence." (Doc. No. 222).

On May 6, 1998, pursuant to an Amended Judgment, this Court sentenced Defendant to life imprisonment after being convicted by a jury on various counts, including drug trafficking and possession of a firearm by a convicted felon. (Doc. No. 149). On December 22, 2016, through an executive grant of clemency, Defendant's sentence was reduced to 360 months of imprisonment. (Doc. No. 221).

Defendant filed his pending motion on December 29, 2016, purportedly pursuant to U.S.S.G. § 5G1.3(c), seeking an order from this Court "[a]djusting sentence to reflect time served on state conviction." (Doc. No. 222 at 1). To support his motion, Defendant argues that he "has i[n] fact been in Federal U.S. Marshal custody since his arrest on August 24, 1994" and that "the Federal Bureau of Prisons will not credit Movant for time served from August 25, 1994 through December 17, 1996 while in U.S. Marshal custody." (Id.).

The Federal Rules of Criminal Procedure "provide[] sentencing courts with a narrow window of [14] days within which to correct arithmetical, technical, or other clear error." United States v. Shank, 395 F.3d 466, 468 (4th Cir. 2005) (internal quotation marks omitted); see FED.

1

R. CRIM. P. 35(a). For purposes of this rule, "'sentencing' means the oral announcement of the sentence." FED. R. CRIM. P. 35(c). "Rule 35(a)[] establishes a [14]-day jurisdictional limit." Shank, 395 F.3d at 470. If a motion to amend or correct the judgment is made and the district court does not rule on the motion within the relevant time period, the motion is "effectively denied." Id. Defendant was initially sentenced in this Court on October 26, 1995, and the original judgment was entered on November 22, 1995. (Doc. No. 129). An amended judgment was entered on May 6, 1998, following remand from the Fourth Circuit Court of Appeals. (Doc. No. 149). To the extent that Defendant seeks an order from this Court amending his sentence, Defendant's motion is untimely and this Court therefore lacks jurisdiction to adjust his sentence to reflect time served on a state sentence. The Court further finds that, to the extent that Defendant is arguing that the Bureau of Prisons has incorrectly calculated his sentence to take into account that he has been in federal custody since August 24, 1994, to obtain relief he must file a petition pursuant to 28 U.S.C. § 2241 in the district in which he is confined.

**IT IS HEREBY ORDERED** that Defendant's "Motion for Order Adjusting Sentence to Reflect Time Served on State Sentence," (Doc. No. 222), is **DENIED** without prejudice.

The Clerk is instructed to mail this Order to the Bureau of Prisons.

Signed: January 17, 2017

Frank D. Whitney
Chief United States District Judge