UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:94-CR-00030-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| CHALMERS LAVETTE HENDRICKS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and home confinement under to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 226). For the reasons that follow, the motion is DENIED WITHOUT PREJUDICE.

Defendant filed a motion asking for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 331 n.3 (4th Cir. 2021) (per curiam)

The instant motion, which was filed *pro se*, provides only minimal information and identifies "a serious physical or medical condition" as the "extraordinary and compelling reason[]" for the relief requested. (Doc. No. 226, p. 1). Defendant has also listed three serious medical diagnosis; however, other than listing these conditions, Defendant provides *no* argument or any statement to describe why his medical conditions support the requested relief. (Doc. No. 226, p.

3). Defendant indicates he is currently being provided prescriptions for treatment of his conditions. (Id. at p. 5). Although Defendant does not mention COVID-19 in his motion, the Government reports Defendant is fully vaccinated against COVID-19 having received his second dose of the Pfizier vaccine on April 6, 2021.[1] (Doc. No. 237). Notably, since filing the motion, Defendant has been transferred from FCI Edgefield to a Residential Reentry Management facility in Atlanta. See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (visited September 20, 2021).

After reviewing the record before the Court, the Court concludes that Defendant's motion fails to demonstrate extraordinary and compelling circumstances to warrant a reduction. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). The Court acknowledges the seriousness of Defendant's asserted medical conditions, but these conditions do not rise to the level of "extraordinary or compelling" under this record, particularly where Defendant has not provided any argument as to why he is entitled to compassionate release and where his motion indicates that he has been receiving regular medical care and medications for his underlying health conditions. Because Defendant has not shown extraordinary and compelling reasons to warrant a sentence reduction, his motion is DENIED. This ruling is WITHOUT PREJUDICE to Defendant's ability to renew his motion should he be able to assert extraordinary and compelling reasons for compassionate release from his current place of incarceration.

---

[1] The Centers for Disease Control and Prevention have evaluated the "Delta Variant" of COVID-19, and they explain that the Moderna COVID-19 vaccine that Jenkins received remains "effective." Centers for Disease Control and Prevention, Benefits of Getting a COVID-19 Vaccine, (Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Furthermore, "Vaccines continue to be highly effective at preventing hospitalization and death, including against this [Delta] variant." Id.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 226) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: September 20, 2021

Frank D. Whitney
United States District Judge